

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RICHARD DEMON DONALDSON, §
 §
    Applicant, §
 §
v. § No. 4:18-CV-816-A
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
    Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by applicant, Richard Demon Donaldson, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings and relief sought by applicant, the court has concluded that the petition should be denied.

**I. FACTUAL AND PROCEDURAL HISTORY**

A jury in Tarrant County, Texas, Case No. 1293976D, found applicant guilty of continuous sexual assault of Ann,[1] a child under the age of 14, and assessed his punishment at 25 years' confinement. (Clerk's R. 128.) His conviction was affirmed on

---

[1] The state appellate court used this pseudonym to protect the identity of the child victim. (Mem. Op. 2 n.2.) This court also uses the pseudonym in referring to the child victim.

appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Sheet 2.) Applicant also sought postconviction state habeas-corpus relief, to no avail. (SHR 2-18.[2]) This federal habeas-corpus petition challenging his conviction followed.

## II. ISSUES

In one ground for relief, applicant asserts that his trial counsel was ineffective by failing to object to the trial court's response to a jury note during deliberation in the guilt/innocence phase of trial. (Pet. 6.)

## III. RULE 5 STATEMENT

Respondent believes that applicant has exhausted his state court remedies as to the claim raised and that the application is neither barred by limitations nor the successive-petition bar. (Resp't's Answer 3.)

## IV. STANDARD OF REVIEW

A § 2254 habeas application is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as

---

[2] "SHR" refers to the court record of applicant's state habeas proceeding in WR-88,290-02.

2

determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011).

The statute also requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. An applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003); *Williams v. Taylor,* 529 U.S. 362, 399 (2000).

Additionally, where, as here, the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief on a state habeas-corpus application without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* 138 S. Ct. 1188, 1191-92 (2018).

## V. DISCUSSION

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel, an applicant must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state courts adjudicated the ineffective-assistance claims on the merits, this court must review applicant's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). In such cases, the "pivotal question" for this court is not "whether

4

defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter,* 562 U.S. at 101, 105.

Applicant claims that his trial counsel were ineffective by failing to object to the trial court's response to jury note number one requesting Ann's trial testimony and her "forensic video interview" and, relevant to this case, asking "[d]oes [Ann's mother] have the ability to stop the case before trial for any reason during the 4 years?" (Clerk's R. 120.) The court's response was "Your question 'Does [Ann's mother] have the ability to stop the case before trial for any reason during the four years' is not in evidence before you." (Id. at 119.) In the state habeas proceedings, lead counsel Mark D. Scott responded to applicant's allegation by affidavit as follows:

> This question itself was answered properly by the court and accordingly an objection was not proper. This was not something in evidence to the jury and objecting to such a response would not change the court's answer. What the question <u>does</u> indicate is a possibility of the jury considering alternative theories of the events. Per another jury request made at the same time, the court sent in the forensic interview video of the accuser. When combined with the request involving the accuser's mother, this turn of events seemed to indicate that the jury was strongly considering the defense we used.

(SHR 144 (emphasis in original).[3])

Based on counsel's affidavit, the documentary record, and

---

[3] Co-counsel, Adam C. Burney, answered identically in his affidavit. (Id. at 146-47.)

5

his own recollection of the trial proceedings, the state habeas judge adopted the following proposed findings of fact on the issue:

> 70. Mr. Scott agreed with the trial court to not answer the substance of the jury note regarding whether [Ann's mother] could have prevented this case from going to trial because that was not in evidence before them.
>
> 71. Mr. Scott did not object to the trial court's answer to the jury note because he concluded it was proper.
>
> 72. Mr. Scott's decision to not object to the trial court's answer to the jury note was the result of reasonable trial strategy.

(SHR 168 (record citations omitted).)

Based on those findings, the state court concluded that applicant failed to prove either prong of the *Strickland* standard. (Id. at 173-74.) Applicant has not presented clear and convincing evidence to rebut the presumptive correctness of the state court's factual findings. Thus, deferring to those findings, the state court's application of *Strickland* is not objectively unreasonable.

Applicant asserts that the trial court's response confused the jury and constituted an "opinionated supplemental instruction" to the jury, which somehow conveyed the court's opinion of the case or a factual issue raised by the evidence—*i.e.*, whether the victim's mother concocted the allegations of sexual abuse out of vengeance. (Applicant's Mem.

6

21-23, 27-28.) He urges that it is reasonable to infer from the jury's note that the jury believed the weight of the evidence "preponderated" in favor of his defensive theory and that the court's response, "delivered to the jury with the force of law and dually with no law to guide it," . . . "undoubtedly had a <u>pervasive effect</u> on how the jury now viewed the evidence from it's own previous drawn inferenced [sic] conclusion." (Id. (emphasis in original).) However, the information requested by the jury was not in evidence, and, contrary to applicant's assertion, the trial court's response was non-substantive and neutral. Counsel is not required to make frivolous objections. See *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002). Furthermore, as noted by respondent, the jury could have still found that the victim's mother fabricated the allegations based on the evidence at trial, namely, applicant's testimony. (Resp't's Answer 12; Reporter's R., vol. 4, 148-61, 173, 176-77.) Thus, the response that the issue was "not in evidence" did not have the effect of foreclosing applicant's only viable defense.

For the reasons discussed herein,

The court ORDERS that the petition of applicant for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of

appealability be, and is hereby, denied.

SIGNED November  6 , 2019.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE